Dear Mayor Hammons:
You have asked this office to advise you whether the referenced ordinance is valid under state law. Ordinance 715 of the Town of Winnsboro Code of Ordinances provides:
 BE IT ORDERED, by the Mayor and Board of Aldermen to the Town of Winnsboro, convened in regular session on the 20th day of May, 1985, that they hereby add section 3-43 to Chapter 3 of the Town of Winnsboro's Code of Ordinances to read as follows:
Section 3-43
 No retail dealer, nor his servant, agent or employee shall sale (sic), offer to sale (sic), dispense or give away, beverage (sic) of either high or low alcoholic content through a "drive through' window located at the licensed premises.
Pursuant to R.S. 26:493, a municipality may regulate alcoholic beverages to the extent that such regulation is for the protection of the public health, morals, safety and peace. R.S. 26:493 provides:
§ 493. Local regulatory ordinances
 Except as limited by the provisions of this Chapter the various subdivisions of the state may regulate but not prohibit, except by referendum vote as provided by Chapter 3 of this Title or by legally authorized zoning laws of municipalities, the business of wholesaling, retailing, and dealing in alcoholic beverages. No parish or municipality shall, in the exercise of its police power, regulate the business of selling such beverages more than is necessary for the protection of the public health, morals, safety, and peace. Local subdivisions, in adopting these regulatory ordinances, may provide, in addition to the ordinary penalties authorized by law for their violation, provisions which subject the permittee to having his permit suspended or revoked in the manner provided by law for the suspension or revocation of permits.
The jurisprudence has recognized a similar ordinance as a valid exercise of the authority granted a local governing body by R.S. 26:493. We attach for your review the case of Callaghan vs. Congemi,1995 WL 354844 (E.D.La. 1995), wherein the court upheld the constitutionality of a City of Kenner ordinance which prohibited the sale of alcohol from drive-through windows. Of interest is the reasoning of the court as follows:
 The court finds that the ordinances have a rational basis. While the plaintiff may see no rational reason to prevent citizens from obtaining liquor at a drive-through window when a customer could obtain the very same alcohol by walking into the establishment, there is a rational connection between the prevention of drunk driving and the drive-through ordinance. A seller of liquor may be able to more readily ascertain the age and level of intoxication of consumers when consumers are required to enter an establishment to purchase alcohol. The Court further finds a rational relationship between the prohibition against open intoxicants in vehicles. The legislature seeks to discourage the practice of drinking and driving, whether or not a consumer may easily circumvent the law by purchasing alcohol in a closed container that is subsequently opened on the road.
The City of Kenner Ordinance under challenge in Callaghan provided:
Summary No. 7300 Ordinance No. 6590
 AN ORDINANCE TO SUPPLEMENT SECTION 3 OF CHAPTER 3 OF THE CODE OF ORDINANCES OF THE CITY OF KENNER ENTITLED "ALCOHOLIC BEVERAGES"
 WHEREAS, the City of Kenner has received numerous complaints in regards to the sale of alcoholic beverages from business establishments with drive-up windows; and
 WHEREAS, it has been determined that the sale of alcoholic beverages in drive-up windows is contrary to the health and safety of the residents of the City of Kenner.
THE CITY COUNCIL OF THE CITY OF KENNER HEREBY ORDAINS:
 SECTION I: That there be added to Chapter 3 a new section numbered 3-3 which is to read as follows:
 SECTION 3-3: SALE OF ALCOHOLIC BEVERAGES FROM DRIVE-UP WINDOWS. It shall be unlawful to distribute, dispense or sell through any opening, window, door or orifice to the exterior of any building, including, but not limited to, commonly described "drive up windows".
 SECTION II: That there be added to Chapter 3 a new section numbered 3-52 which is to read as follows:
 SECTION 3-52: No person shall sell or cause to be sold beverages of high alcoholic content from drive-up or drive-thru windows.
 SECTION III: That there be added to Chapter 3 a new section numbered 3-92 which is to read as follows:
 SECTION 3-92: No person shall sell or cause to be sold beverages of low alcoholic content from drive-up or drive-thru windows.
 SECTION IV: That there be added to Chapter 7 a new section numbered 7-135 which is to read as follows:
 SECTION 7-135: The sale of any alcoholic beverage, both of low and high alcoholic content, from a drive-up or drive-thru window shall be a misdemeanor. The fine shall be that as provided for in Section 1-9 of this Code of Ordinances.
The board of aldermen of the Town of Winnsboro may wish to amend Ordinance 715 to reflect a penalty provision.
Should you have any further questions, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ____________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
cc: George Brown
Date Released: August 6, 2002